# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC, as Broadcast Licensee of the May 2, 2015 Floyd Mayweather, Jr. v. Manny Pacquiao "The Fight of the Century" Championship Fight Program <br><br> v. <br><br> JAMES E. KIRKPATRICK, individually and d/b/a ANCHOR UP, and d/b/a ANCHOR'S UP BAR, and d/b/a ANCHOR UP ISLAND SHUTTLE | § § § § § § § § § § § § § | Civil Action No. 4:18-CV-00310 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff J&J Sports Productions, Inc's Motion for Summary Judgment (Dkt. #28). Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's motion should be denied.

## BACKGROUND

On April 27, 2018, Plaintiff filed its original complaint (Dkt. #1). On August 28, 2019, Plaintiff filed its motion for summary judgment (Dkt. #28). Defendants James E. Kirkpatrick, individually, and d/b/a Anchor Up Club, and d/b/a Anchor's Up Bar, and d/b/a Anchor Up Island Shuttle filed their response on October 15, 2019 (Dkt. #33).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that

a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the Court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson*

*v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After a careful review of the record and the arguments presented, the Court is not convinced that Plaintiff has met its burden demonstrating that there is no genuine issue of material fact as to Plaintiff's piracy claim entitling it to judgment as a matter of law. Accordingly, the Court finds that the motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant J&J Sports Productions, Inc's Motion for Summary Judgment (Dkt. #28) is hereby **DENIED**.

**SIGNED this 22nd day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE